**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000721
30-MAR-2017
08:07 AM**

NO. CAAP-15-0000721

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ANGEL KAAHANUI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 14-1-2018)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Angel Kaahanui (Kaahanui) appeals from the September 8, 2015 Amended Judgment entered by the Circuit Court of the First Circuit (Circuit Court)[1] convicting her of Assault in the Second Degree (Assault 2), in violation of Hawaii Revised Statutes (HRS) § 707-711(1) (2014) and imposing a four-year probationary term with, *inter alia*, a special condition of six months of incarceration.

On appeal, Kaahanui maintains that there was insufficient evidence supporting her conviction[2] because

---

[1] The Honorable Shirley M. Kawamura presided.

[2] Kaahanui was charged in the alternative, with violating HRS § 707-711(1)(a), (b), and (d) which provide:

> (1) A person commits the offense of assault in the second degree if:
>
> (a)  The person intentionally or knowingly causes substantial bodily injury to another;
>
> (b)  The person recklessly causes serious or substantial bodily injury to another; [or]
>
> . . . .

(continued...)

(1) there was insufficient evidence that the complainant suffered "substantial bodily injury" to warrant Kaahanui's conviction under HRS § 707-711(1)(a) and/or (1)(b); (2) there was insufficient evidence that Kaahanui acted intentionally or knowingly in using a dangerous instrument to warrant her conviction under HRS § 707-711(1)(d); and (3) because the jury was not asked to specify which alternative method of committing Assault 2 it chose, it cannot be determined whether it found her guilty of the substantial bodily injury alternative where there was insufficient evidence of substantial bodily injury, or whether it found her guilty of the dangerous instrument alternative method despite insufficient evidence to prove that Kaahanui acted intentionally or knowingly, or both.

After a careful review of the point on appeal, the parties' arguments, the record, and the applicable legal authority, we resolve Kaahanui's appeal as follows and affirm.

1. Kaahanui contends that there was insufficient evidence presented to prove that the complainant suffered substantial bodily injury because "the two BBs which lodged in [the complainant's] skin did not cause major avulsions or lacerations; nor did they constitute major penetrations of the skin." Kaahanui contends that absent substantial evidence of substantial bodily injury, she could not have been convicted of the substantial bodily injury alternative of Assault 2.

Substantial bodily injury is defined, in relevant part, as "bodily injury which causes . . . [a] major avulsion, laceration, or penetration of the skin," HRS § 707-700 (2014), and the jury was so instructed here. To penetrate means "to pass into or through; to extend into the interior of; . . . to enter or go through by overcoming resistance; . . . to pass, extend, pierce, or diffuse into or through something." State v. Tanielu, 82 Hawai'i 373, 378 n.4, 922 P.2d 986, 991 n.4 (App. 1996) (citation, internal quotation marks, and brackets omitted). Major modifies avulsion, laceration, and penetration. Id. "In

---

[2](...continued)
    (d)   The person intentionally or knowingly causes bodily injury to another with a dangerous instrument[.]"

this context, the definition of 'major' as 'greater in size, amount, extent, or rank' would appear to apply." Id., (citation omitted). "This definition finds support in the legislature's intent to 'account for injuries which are far more serious than mere bodily injury but do not approximate a risk of death or permanent loss or disfigurement[.]'" Id.

Kaahanui does not challenge that the BB penetrated the complainant's skin, but contends that the penetration was not major. Dr. Brian Tobe (Dr. Tobe) testified that the complainant's eyelid was swollen and she had abrasions over the right eye and on her nose. Dr. Tobe testified that he could "feel the palpable little BB underneath the skin, so clearly something penetrated the skin." X-rays confirmed "two round metallic foreign bodies" in her face. The complainant reported loss of vision out of her right eye. At trial, the complainant testified that she still had the floaters that she experienced at the time of the shooting, but "it's like a bo[]rder around my eye. And I have like a blind spot from looking to the right side, but it's better." She also testified that at the time of trial, her vision was still blurry.

Unlike the complainant in State v. Webster, 94 Hawai'i 241, 11 P.3d 466 (2000) relied on by Kaahanui, the complainant here suffered more than an abrasion treated with a topical cream. Surgery was necessary to remove the two BBs from her face and she suffered long lasting effects to her vision in the affected eye. See, In re Doe, 106 Hawai'i 530, 537-58, 107 P.3d 1203 (App. 2005) (concluding blurred and dioplopic vision lasting until trial was substantial evidence of serious bodily injury). Considering the evidence in the strongest light for the prosecution, State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawai'i 128, 145, 938 P.2d 559, 576 (1997)), there was substantial evidence to support the jury's conclusion that the complainant suffered a major penetration of her skin.

2.    Kaahanui argues that there was insufficient evidence that she acted intentionally or knowingly in using a dangerous instrument to injure the complainant. HRS § 707-711(1)(d). Kaahanui asserts that her "actions in bringing

3

the gun up and just shooting without aiming it anywhere were reckless, not knowing or intentional."

"A person acts intentionally with respect to his conduct when it is his conscious object to engage in such conduct" and "[a] person acts knowingly with respect to his conduct when he is aware that his conduct is of that nature." HRS §§ 702-206(1)(a) and (2)(a) (2014). The Hawai'i Supreme Court has held that "proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient. . . . Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." State v. Bui, 104 Hawai'i 462, 467, 92 P.3d 471, 476 (2004) (citation and internal quotation marks omitted).

Here, the complainant testified that Kaahanui disappeared, returned with a gun, and then fired the gun from about two feet away. Anthony Nao (Nao) testified that Kaahanui told the complainant to back off, and had a BB gun in her hand. Nao testified that Kaahanui tried to fire the gun, but the gun jammed, so Kaahanui unjammed it and fired the gun again. Kaahanui admitted that she fired the gun twice. This testimony, taken in the light most favorable to the prosecution, supported the conclusion that it was Kaahanui's conscious object to fire the gun at the complainant.

Given our resolution of Kaahanui's first two arguments, it is unnecessary to reach her last argument.

For the foregoing reasons, the September 8, 2015 Amended Judgment of Conviction and Probation Sentence, entered by the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawai'i, March 30, 2017.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge

4